UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.　CV-17-5235-MWF (AFMx)**　　　　　**Date:　August 23, 2017**
Title:　　Krikor Harboyan v. Johnson & Johnson Company, et al.

Present:　　The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:　　　　　　　　　　　　　Court Reporter:
        Rita Sanchez

        Attorneys Present for Plaintiff:　　　　Attorneys Present for Defendant:

**Proceedings (In Chambers):**　　ORDER RE MOTION TO STAY CASE PENDING TRANSFER TO MDL [14]; MOTION TO REMAND CASE [16]

    Before the Court are two motions: Defendant Johnson & Johnson's ("J&J") Motion to Stay Case Pending Transfer to MDL 2592 (Docket No. 14) and Plaintiff's Motion to Remand to State Court (Docket No. 16). The Court has read and considered the papers filed on the Motions and deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for August 28, 2017, is **VACATED**.

    The Court **GRANTS** the Motion to Stay and **DENIES** *without prejudice* the Motion to Remand.

    Plaintiff's Motion to Remand is based on the California citizenship of Defendant McKesson Corporation. Because Plaintiff is also a California citizen, he argues that this Court lacks diversity jurisdiction and the action must be remanded. This exact argument has been made in other cases concerning Xarelto, the drug at issue here. *See, e.g.*, *Mory v. Janssen Research & Development, LLC*, CV-17-1954-MWF (DTBx) (C.D. Cal. Apr. 12, 2017) (Docket No. 29) (granting motion to stay and denying motion to remand based on identical argument); *Nash v. Janssen Research & Development, LLC*, CV-15-3868 AB (Ex) (C.D. Cal. Jun. 4, 2015) (Docket No. 19) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-5235-MWF (AFMx)     **Date:** August 23, 2017
**Title:**     Krikor Harboyan v. Johnson & Johnson Company, et al.

As J&J correctly notes, courts have generally rejected such arguments in favor of staying the action and allowing the MDL court to decide these jurisdictional issues. *See Nash.* ("In light of the JPML's preliminary determination that this case should be transferred into the MDL proceeding, the Court thinks it appropriate to defer decision of the remand issue to the MDL judge, who will likely be fielding countless similar arguments of fraudulent joinder."); *see also Jamie Barba, et al. v. Janssen Research and Development LLC, et al.*, SACV 15-1548 DOC (JCGx) (C.D. Cal. Oct. 27, 2015) (Docket No. 17) (granting motion to stay and denying motion to remand based on identical arguments).

As in these other recent decisions, the Court concludes that staying this action and denying, without prejudice, the Motion to Remand is the appropriate course of action here. Jurisdictional questions do not preclude the Court from determining whether a stay pending transfer is warranted. Indeed, "the [Multidistrict Litigation] Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending." *Wolgamott v. Asbestos Defendants*, No. C 09-5667 SBA, 2010 WL 583649, at *2 (N.D. Cal. Feb. 16, 2010) (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)); *see also Med. Soc'y of State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (2001) (granting motion to stay after determining that the MDL court would be best suited to resolve the complicated jurisdictional issues).

The jurisdictional issues raised by the hundreds of cases consolidated under MDL 2592 are best handled by that panel. Many other cases subject to the MDL involve similar fraudulent joinder issues, such that this Court's resolution of Plaintiff's Motion to Remand might lead to inconsistent results in other cases that have had such issues transferred to the MDL panel. Because the jurisdictional issues "cannot easily be disposed of," the MDL court is best suited to handle them. *See Nielsen v. Merck & Co.*, No. C07-00076 MJI, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2010).

Moreover, if the Court were to deny the Motion to Stay J&J would be prejudiced by potentially duplicative discovery and motion obligations, whereas granting the Motion to Stay will not prejudice Plaintiff. Plaintiff will still have the opportunity to

STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-17-5235-MWF (AFMx)     **Date:** August 23, 2017
Title:     Krikor Harboyan v. Johnson & Johnson Company, et al.

raise his jurisdictional arguments at a later date before the MDL court. By issuing the stay, the Court will allow the parties to avoid a "tiresome, repetitious journey of duplicative discovery and motion practice." *Barba*, *supra*, at *3.

STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-17-5235-MWF (AFMx)**          **Date:  August 23, 2017**
Title:     Krikor Harboyan v. Johnson & Johnson Company, et al.

Accordingly, the Court **GRANTS** the Motion to Stay and **DENIES** *without prejudice* the Motion to Remand.  This action is **STAYED** until a decision is reached by the MDL Panel as to whether to accept this action.

IT IS SO ORDERED.